**In re Scott J. FABER, Debtor.**

**No. 6:11–bk–16763–ABB.**

United States Bankruptcy Court, M.D. Florida, Orlando Division.

Aug. 31, 2012.

James H. Monroe, James H. Monroe, PA, Orlando, FL, for Debtor.

### ORDER

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came before the Court on the Motion by Trustee to Approve Administrative Expense ("Motion") filed by Lori Patton, the Chapter 7 Trustee ("Trustee"), seeking authority to pay $300.00 as an administrative expense pursuant to 11 U.S.C. § 503 for an asset report provided by American Infosource ("AIS"). (DE 22). Donald F. Walton, as the United States Trustee for Region 21, and United States Trustee Jill Kelso ("UST") object to the Motion asserting the Trustee has not established the charge should be an expense of the estate assets. (DE 33).

A hearing was held on June 18, 2012; arguments were heard from the UST, the Trustee and AIS. The UST filed a supplemental brief on July 2, 2012. (DE 36). AIS filed a third party memorandum in support of the Trustee's motion on July 3, 2012.[1]

1. AIS did not file the brief in this case but in

In Re Hodges, Case Number 6:11–bk–14376,

■ The Court must carefully review the legitimacy of administrative expense claims. One of the paramount policy concerns in bankruptcy is keeping administrative expenses to a minimum, preserving the value of the estate for the benefit of the debtor and creditors. *In re Citation Corp.*, 493 F.3d 1313, 1318 (11th Cir.2007). See also *In re Beverage Canners Intern. Corp.*, 255 B.R. 89, 92 (Bankr.S.D.Fla. 2000). Section 503(b) of the Bankruptcy Code provides, after notice and a hearing, for the allowance of the actual and necessary costs and expenses of preserving the estate as an administrative expense for services rendered after the commencement of the case.

■ The expenses must confer a "concrete benefit to the debtor's estate" to be payable on a priority basis as an administrative expense. *In re Sports Shinko*, 333 B.R. 483, 490 (Bankr.M.D.Fla.2005)(quoting *In re Beverage Canners Intern. Corp.*, 255 B.R. at 92). "The claimant must show that the claim arose from a post-petition transaction and that the transaction actually benefitted the estate." *In re Section 20 Land Group, Ltd.*, 261 B.R. 711, 715 (Bankr.M.D.Fla. 2000) (citing *In re Finevest Foods, Inc.*, 159 B.R. 972, 975 (Bankr.M.D.Fla.1993)).

■ The Trustee is seeking a $300.00 administrative expense for the asset report based upon AIS initiating a program providing asset reports to the Trustee in every case. The administrative expense would pay for this service by seeking reimbursement for reports in cases with assets above $3,000.00, regardless if the asset report actually benefitted the estate being charged. (DE 22).

Lawrence Friedman, on behalf of AIS, estimated the cost of preparing each report is $9.00 per case and competing services provide reports for a subscription fee plus $16.50 for per case.[2] Mr. Friedman stated AIS does not recoup its costs for preparing reports in 92% of cases; the larger fee sought in the remaining 8% is needed to cover the cost of producing all the reports.[3] The Trustee stated the value of the service per case was "maybe $15.00 to $20.00 per case." [4]

The Trustee's motivation is "to help offset the cost for the global benefit ... being received." [5] The motion is based upon the comprehensiveness of the reports and the overall benefit to case administration of receiving a report in each case. This benefit does not justify assessing individual estates the cost of a service from which they received no benefit or the fee is greater than the benefit received.

The report in this case did not discover additional assets not previously disclosed in the Debtor's schedules. The estate did not receive any measurable benefit from the report provided by AIS.[6] The request for the $300.00 AIS fee as an administrative expense is "to help offset the cost for the global benefit that's being received by the Trustee" from AIS.[7]

■ This estate should not be responsible for expenses attributable and beneficial to other estates; an expense must confer a "concrete benefit to the debtor's estate" to be payable on a priority basis as an administrative expense. *In re Sports Shinko,*

the related case on this issue. (DE 29).

2. See Transcript of June 18, 2012 Hearing ("Tr.") at 20:20–23

3. Tr. at 22:7–21

4. Tr. at 6:16–17

5. Tr. at 4: 21–23

6. Id.

7. Id.

333 B.R. at 490 (quoting *In re Beverage Canners Intern. Corp.*, 255 B.R. at 92).

The Court has reviewed the evidence and the parties' briefs and finds the Trustee has failed to establish the $300.00 asset report charge was an actual, necessary cost and expense of preserving the estate, conferring a concrete benefit to the Debtor and the bankruptcy estate according to 11 U.S.C. § 503(b).

Accordingly, it is

**ORDERED, ADJUDGED AND DE-CREED** that the UST's Objection (DE 33) is hereby **SUSTAINED;** and it is further

**ORDERED, ADJUDGED AND DE-CREED** that the Trustee Motion for Approval of Administrative Expense (DE 22) is **DENIED;** and it is further

**ORDERED, ADJUDGED AND DE-CREED** that any claim asserted by AIS is hereby **DISALLOWED.**